UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY AND GLORIA REED,

           Plaintiff,

    v.

JOHN R. BOGDONOV; ROYAL MACCABEES LIFE INSURANCE COMPANY; and REASSURE AMERICA LIFE INSURANCE COMPANY,

           Defendants.

NO. CIV. S-06-1386 LKK/GGH

**O R D E R**

/

Defendants removed this action on the grounds that plaintiffs fraudulently joined defendant John R. Bogdonov in order to deprive this court of jurisdiction. Currently pending before the court is plaintiffs' motion to remand this matter to state court. For the reasons set forth below, the court grants motion to remand.

////
////
////
////

1

**I.**

**Background Facts**

**A.   Allegations in the Complaint**

In February of 1995, plaintiff, Larry Reed,[1] purchased a disability life insurance policy from defendant, Reassure America Life Insurance Company ("Reassure America"). Plaintiff maintains that one of Reassure America's agents, John R. Bogdonov, ("Bogdonov"), informed plaintiff that he would be paid $ 2,400.00 per month, should he become disabled. In reliance on this statement, plaintiff purchased the policy.

In April of 2003, when the policy was in full effect, plaintiff was involved in a motorcycle accident and suffered substantial bodily injuries. Although plaintiff initially received payments of $2,400.00 from Reassure America, the payments were later reduced to $1,400.00. Reassure America also informed plaintiff that they had been overpaying him and that he owed Reassure America $9,000.00 in back payments.

Plaintiff subsequently filed suit in Sacramento Superior Court against Reassure America, Royal Maccabees Life Insurance Company and Bogdonov. Bogdonov was named both individually and in his capacity as an agent for Reassure. Plaintiff alleges that he purchased a life insurance policy from Reassure America and that Reassure America failed to abide by the terms of the policy. Plaintiff also alleges that Bogdonov, both individually

---

[1] His wife, Gloria Reed, is also a named plaintiff in the case.

1  and in his capacity as an agent, made various misrepresentations
2  regarding the nature and extent of the coverage.
3     The complaint alleges seven causes of action: (1) breach of
4  contract; (2) misrepresentation/fraud; (3) tortuous breach of
5  contractual obligation; (4) intentional tortuous breach of
6  contractual obligation; (5) intentional infliction of emotional
7  distress; (6) loss of consortium; and (7) intentional infliction
8  of loss of consortium.

**B.   Notice of Removal**

10    On June 20, 2006, defendants filed a notice of removal.
11 The removal was predicated on diversity jurisdiction.  Although
12 plaintiffs and defendant Bogdonov were residents of California,
13 defendants maintained that Bogdonov had been fraudulently joined
14 and thus, his non-diverse citizenship could be disregarded by
15 the court.
16    Plaintiffs subsequently filed a motion to remand the case
17 to state court on the grounds that Bogdonov was not fraudulently
18 joined.

**II.**

**Standard for Remand**

21    Civil actions not involving a federal question are
22 removable to a federal district court only if there is diversity
23 of citizenship between the parties. 28 U.S.C. § 1332(a)(1).
24 Section 1332 requires that there be complete diversity, that is,
25 each plaintiff's citizenship must be diverse as to each
26 defendant's citizenship. Id.  Defendants must bear the burden of

3

1  proving all facts necessary to support jurisdiction. <u>Gaus v.
2  Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).
3     A defendant may remove a civil action that alleges claims
4  against a non-diverse defendant when the plaintiff has no basis
5  for suing that defendant, or in other words, when that defendant
6  has been fraudulently joined. <u>McCabe v. General Foods Corp.</u>, 811
7  F.2d 1336, 1339 (9th Cir. 1987).
8     " '[F]raudulent joinder is a term of art. If the plaintiff
9  fails to state a cause of action against a resident defendant,
10 and the failure is <u>obvious</u> according to the <u>settled</u> rules of the
11 state, the joinder of the resident defendant is fraudulent." '
12 <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998)
13 (quoting <u>McCabe</u>, 811 F.2d at 1339)(emphasis added). Where a
14 non-diverse defendant has been "fraudulently joined" to an
15 otherwise completely diverse case, that defendant is disregarded
16 for diversity jurisdiction purposes. <u>See</u>, <u>e.g.</u>, <u>Calero v. Unisys
17 Corp.</u>, 271 F Supp 2d 1172, 1176 (N.D. Cal. 2003).
18    If there is a non-fanciful possibility, however, that
19 plaintiff can state a claim under California law against the
20 non-diverse defendants, the court must remand. <u>Macey v.
21 Allstate Property and Cas. Ins. Co.</u>, 220 F. Supp.2d 1116, 1117
22 (N.D. Cal. 2002) ("When there are real ambiguities among the
23 relevant state law authorities, federal courts that are
24 considering motions to remand should avoid purporting to decide
25 how state courts would construe those authorities.")
26    On a motion to remand, the removing defendant faces a

4

1 strong presumption against removal, and bears the burden of
2 establishing that removal was proper by a preponderance of
3 evidence. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398,
4 403-404 (9th Cir. 1996). Thus, the defendant carries a high
5 burden of establishing that the non-diverse party was
6 fraudulently joined. See Gaus,  980 F.2d at 564 .
7     Indeed, 28 U.S.C. § 1447(c) provides that a case removed
8 from state court should be remanded if it appears that the case
9 was removed improvidently or without jurisdiction. Federal
10 jurisdiction must be rejected if there is any doubt as to the
11 right of removal. Id. at 566.

### III.

### Analysis

14     Defendants premise their assertion of fraudulent joinder on
15 the contention that under California law, plaintiffs cannot
16 bring suit against Bogdonov.  Defendants maintain that it is
17 well settled under California law that insurance agents cannot
18 be held liable for acts within the scope of their employment.
19 Plaintiffs, on the other hand, seek to have the case remanded on
20 the grounds that under California law, there are certain
21 circumstances in which an agent may be liable, and these
22 circumstances may be present in the case at bar.
23     The court's task, therefor, is to determine whether it is
24 'obvious' under 'well settled' California law that under the
25 allegations in plaintiffs' complaint, plaintiffs would be unable
26 to state a claim against Bogdonov as an individual defendant.


See Macey, 220 F. Supp. 2d at 1119.

### 1. Insurance Agent Liability

As a general rule, insurance agents acting in the scope of their agency are not individually liable, rather, liability will rest with the insurance company. See Lippert v. Bailey, 241 Cal.App. 2d 376, 382 (1966). Defendants maintain that the complaint only alleges that Bogdonov acted as an agent and thus, only Reassure America can be held liable for his actions.

There are exceptions and ambiguities to the Lippert rule. These exceptions are not well settled under California law. Because of the ambiguity in the law, it is not clear whether the facts alleged in the complaint, if true, would sustain a claim for individual liability against Bogdonov.

Under California law, an insurance agent may be liable for his negligent failure to accurately apprise an insured of his policy terms upon request. Westrick v. State Farm Ins., (1982) 137 Cal. App. 3d 685 (Cal. App. 2 Dist. 1982). Indeed, an "insurance agent may assume a greater duty toward his insured by misrepresenting the policy's terms or extent of coverage." Paper Savers v. Nacsa, 51 Cal. App. 4th 1090, 1097 (Cal. App. 2 Dist. 1996).

In Free v. Republic Ins. Co. 8 Cal. App. 4th 1726 (Cal. App. 2 Dist. 1992), for example, the court held that an agent has a duty to use reasonable care in responding to specific inquiries from the policy holder. There, the agent repeatedly reassured the policy holder that the coverage policy was

sufficient. The court found that once an insurer or its agent elects to respond to a policy holder's questions about coverage, a special duty arises which requires them to use reasonable care to provide accurate information. A breach of this duty subjects the agent to liability. Id. at 1729.

One District Court observed the following about California agent liability law:

> To state a claim for misrepresentation against an insurance agent, a plaintiff must show that the claim falls within one of the exceptions to Lippert's prohibition on liability. Specifically, the plaintiff must either show that the agent entered into an express agreement to provide specific coverage, engaged in specific misrepresentations regarding the scope of coverage, or assumed a dual agency role.

Thornton v. New York Life Ins. Co., 211 F.R.D. 606, 609 (N.D. Cal. 2002).

The unsettled state of agent liability under California law was recently addressed by another District Court faced with a motion to remand similar to the one in the case at bar. In Macy, 220 F. Supp. 2d at 1117, a policy holder was assured by an agent that his policy was in good standing. When the policy holder sought to recover under the policy, the insurance company denied payment. The policy holder filed suit against the agent and the insurance company in state court. Defendants removed the action to federal court on the grounds that the agent was fraudulently joined to destroy diversity. Plaintiff contended that there was authority in California law under which the agent could be held liable. The court concluded,

> We doubt, but do not decide, whether the allegations in plaintiff's complaint could support a claim against the Korbases based on a "dual agency" theory. We need not resolve that issue because we hold that it is not obvious under well settled doctrine that plaintiff's allegations could not support a claim against the individual defendants on an alternative legal theory under California law.

Macey, 220 F. Supp. 2d at 1120.

### 2. Allegations in Complaint

Plaintiffs' complaint specifically alleges that Bogdonov "individually and in his capacity as an agent for Defendants assured plaintiff payments of $2,400.00 would be made each month he was disabled." Compl. at 4.

Here, plaintiffs' allegations may establish that Bogdonov engaged in specific misrepresentations about the scope of the insurance policy. See Westrick, 137 Cal. App. 3d 685. Plaintiffs maintain that they relied upon Bogdonov's representations about the extent of the insurance coverage and that these representations were false. If the allegations are true, that Bogdonov did engage in specific misrepresentations about the scope of the coverage, then the Lippert prohibition on liability would not apply. See Thornton, 211 F.R.D. at 609.

Like the court in Macey, this court "need not resolve [this] issue because we hold that it is not obvious under well settled doctrine that plaintiff's allegations could not support a claim against the individual defendant[] on an alternative legal theory under California law." Macey 220 F. Supp. 2d at 1120. As the Macey court held, "[w]hen there are real

8

ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." Id. at 1118

In sum, it would not be a fanciful possibility that plaintiffs could state a claim under California law against Bogdonov. See Bennet v. Allstate Ins. Co., 753 F. Supp. 299, 302 (N.D. Cal. 1990) (for a court to find fraudulent joinder, "it must appear to a 'near certainty' that joinder of [defendant] was fraudulent").

For these reasons, the court finds that Bagdonov was not fraudulently joined. Thus, because Bagdonov's presence as a defendant in the case destroys diversity, the court must remand this action to state court.

## IV.

## Conclusion

Plaintiffs' motion to remand is GRANTED. The court hereby ORDERS the above-captioned case REMANDED to the Superior Court of the State of California in and for the County of Sacramento County.

IT IS SO ORDERED.

DATED: September 1, 2006.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9